CHRISTOPH MEYER and others *vs.* TRUSTEES OF THE GERMAN EVAN-
GELICAL LUTHERAN EMMANUEL CHURCH and others.

## July 21, 1887.

**Religious Societies—Change of Name—Identity.**—A religious congre-
gation became incorporated under Gen. St. 1878, *c.* 34, title 4. After-
wards, pursuant to a vote of more than two-thirds of its members, it
adopted and filed new articles of incorporation, merely making a change
in the name. *Held,* that this did not make any break in its continuity or
identity as a corporation, so as to prevent its holding as a corporation
the property previously acquired by it.

Appeal by plaintiffs from an order of the district court for Houston
county, *Farmer,* J., presiding, refusing a new trial.

*W. H. Harries,* for appellants.

*P. J. & E. H. Smalley,* for respondents.

GILFILLAN, C. J.[1] The plaintiffs and the individual defendants
were members of a religious congregation which in 1871 became duly
incorporated as a religious or church corporation, and which acquired
by donation or subscription of its members, and held and used for re-
ligious purposes, certain property, real and personal. The plaintiffs
claim that afterwards the individual defendants, who were a large
majority of said congregation and corporation, seceded and withdrew
from it, and organized a new corporation, and that as such new cor-
poration they continue to use said property, and that they so use it
for the teaching and maintaining of religious doctrines different from
those held, maintained, and taught by the original congregation, and
different from those for the teaching and maintaining of which the
property was by the donation or subscription of the original members
devoted, and that since such secession or withdrawal the plaintiffs
are the only members remaining of said original corporation. And
they ask, in effect, that inasmuch as they are the only remaining
members of the original corporation, and there are not enough of
them to elect officers and trustees as provided in the articles of incor-

[1] Berry, J., because of illness, took no part in this case.

poration, and by law, the affairs and business of the corporation be wound up, and its property distributed among its members. The court below, in its findings of fact, found against the plaintiffs upon every allegation of fact necessary to sustain their claim; found that, by the proceedings claimed by plaintiffs to have been the creation of a new corporation, the congregation intended only to amend the original articles of incorporation by changing the name of the corporation,—more than two-thirds of all the members of the congregation voting for it; found that the individual defendants did not secede or withdraw from or abandon the original congregation, and that the plaintiffs did voluntarily leave and withdraw from the same; found that the congregation is the same as under the former name, and that its faith, belief, and teachings remain precisely the same as held and taught under its prior name, and in no respects changed or altered. It is not necessary to refer in detail to the evidence in support of these findings. It is enough to say that it abundantly justifies them.

We have no doubt that, under the provisions of Gen. St. 1878, c. 34, title 4, a religious congregation which has become incorporated pursuant thereto may adopt and file new articles, merely changing the name, without causing any practical break in its continuity or identity as a corporation, and that it may hold under the new name all the property acquired and held by it under its former name. At most, such action could be regarded only as an abandonment of its original corporate character, a voluntary dissolution, and a reorganization pursuant to section 227 of that chapter. So that, instead of there being in this case, as claimed by plaintiffs, two corporations,—an old one composed of themselves, a mere fragment of the congregation, and holding the property acquired before the change of name, and a new one composed of the body of the congregation, holding and entitled to hold only property acquired since the change,—there is and has been but one corporation, the same, except in name, as it was originally organized in 1871. It follows that plaintiffs show no claim to relief of any kind.

Order affirmed.